EDWARD FRED PARRISH

v.

COMMONWEALTH OF VIRGINIA

No. 0959-90-1

Decided March 3, 1992

Counsel

Richard L. Kreger (Kreger & McBridge, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—Edward Fred Parrish, the appellant, was found guilty of possession of cocaine with intent to distribute and was sentenced to twenty years imprisonment with fourteen years suspended. On appeal, he contends that his prosecution for possession with intent to distribute following his breach of a plea agreement, under which he had pled guilty to and was convicted of the lesser included offense of simple possession, is barred by the double jeopardy clause. We find that the trial court misapplied the plea agreement. We reverse the conviction for possession with intent to distribute, reinstate the conviction for simple possession, and remand the case to the trial court for resentencing on that lesser charge. We do not reach the question of double jeopardy.

Parrish was indicted for the possession of cocaine with intent to distribute it. On September 7, 1989, he and the Commonwealth's Attorney executed the following plea agreement:

*PLEA AGREEMENT*

This day came the defendant, **EDWARD FRED PARRISH**, in person, and his attorney, Richard L. Kreger, and the Attorney for the Commonwealth and represented to the Court that the parties have entered into the following plea agreement in accordance with Rule 3A:8(c):

(1) That the defendant stands indicted in this Court for 1 felony, to-wit: **possession of cocaine with intent to distribute in violation of Virginia Code Section 18.2-248.**

(2) The defendant agrees to plead guilty to **possession of cocaine in violation of Virginia Code Section 18.2-250.**

(3) That the Attorney for the Commonwealth agrees that the following is the appropriate disposition of this case:

**That the defendant be sentenced to 5 years in the state penitentiary and that the entire sentence be suspended conditioned on the following:**

**(1) that the defendant serve 8 months in jail, and**

(2) that the defendant testify truthfully against Jason Todd Gillentine in all prosecutions stemming from the same transaction that led to the current charge against the defendant, and

(3) that the defendant pass a polygraph examination to be conducted by the State Police indicating his truthfulness regarding his involvement and that of Mr. Gillentine prior to his contemplated testimony against Mr. Gillentine. If the defendant does not pass the polygraph indicating his truthfulness regarding his and Mr. Gillentine's involvement in the transaction giving rise to the instant charge, this plea agreement shall be null and void. Nothing the defendant states during or in conjunction with the examination shall be used against him as evidence in this or any other prosecution, and

(4) that the defendant be placed on indeterminate supervised probation on his release from jail.

(4) That this plea agreement is the total agreement between the parties and there have been no other inducements, promises, threats or coercion of any kind imposed upon the defendant or suggested to the defendant by the Attorney for the Commonwealth or any agent of the Commonwealth.

(5) That no Judge of the Circuit Court participated in any discussion leading to this agreement under Rule 3A:8(c).

On September 7, 1989, the parties presented the plea agreement. During the trial court's examination of the appellant concerning the agreement, the following dialogue occurred:

\* \* \*

THE COURT: Now, you understand, sir, that I can defer making a decision whether to accept or reject this plea agreement until I receive a presentence report?

THE ACCUSED: Yes, sir.

THE COURT: And you understand because it is providing for a second sentence for you pleading to a lesser charge so you understand that?

THE ACCUSED: Yes, sir.

THE COURT: You also understand that if I accept the agreement and there is nothing to void it because of your actions with respect to Condition Number Three, that I will sentence you in accordance with the provisions of the agreement?

THE ACCUSED: Yes.

THE COURT: Now, you understand that if I reject the agreement, that you are not bound by the agreement. You will be given an opportunity to withdraw your guilty plea and if you do so that the matter will be heard by another judge of this court?

THE ACCUSED: Yes.

THE COURT: You understand — you also understand that if I reject the plea agreement and you do not withdraw the guilty plea that I can sentence you to the maximum sentence provided by law and indeed your sentence could be much more severe than was provided for by this agreement but that could only happen if you stood there and did not withdraw your guilty plea so that is under your control, but you do understand that if you did not withdraw your plea of guilty for some reason, I could sentence you to ten years? Do you understand that?

THE ACCUSED: Yes, sir.

The trial court then accepted the plea of guilty but deferred decision on whether to accept the plea agreement pending the appellant's compliance with the conditions of paragraph (3)(3). It made no express finding of guilt, but at the conclusion of the hearing stated:

The court finding that [the evidence] being sufficient to make the case against him does reconfirm its previous finding of guilt on the charge of possession of cocaine. . . .

No order was entered memorializing the September 7, 1989 proceedings. An order entered January 18, 1990 recited the appearance of the appellant "who stands convicted of a felony, to-wit: possession of cocaine," "vacated the finding of guilt in this matter," and continued the matter for a new trial. On March 29, 1990, the trial court, having rejected the plea agreement as null and void because of the appellant's failure to comply with the conditions of paragraph (3)(3), found him guilty of possession of cocaine with intent to distribute, the original charge, and imposed the sentence on appeal.

(1) Our decision is based on our construction of the plea agreement. Pointing to the second sentence of paragraph (3)(3), the Commonwealth argues that the failure of the appellant to satisfy the conditions of that paragraph rendered the entire agreement null and void, placing the case in a posture as though no agreement existed, and authorizing a disposition on the original charge. However, the agreement is not thus structured. Paragraph (1) recites the initial charge. Paragraph (2) sets forth the agreed plea to the lesser charge. Paragraph (3) sets forth the agreed disposition of the lesser charge, a sentence of five years in the state penitentiary to be suspended on conditions set forth in paragraphs (3)(1), (3)(2), (3)(3), and (3)(4). This is the interpretation which the trial court adopted and to which it committed itself in the September 7, 1989 proceedings. By finding the appellant guilty of the lesser charge of simple possession of cocaine, it accepted and consummated the agreement. To this judgment the trial court was bound and upon it the appellant was entitled to rely.

The appellant's conviction for possession of cocaine with intent to distribute is reversed, and this case is remanded to the trial court with direction to reinstate the conviction of simple possession of cocaine and to impose sentence on that charge.

*Reversed and remanded.*

Baker, J., and Moon, J., concurred.