## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## HOWARD MASON GRAY, III

### v.

## COMMONWEALTH OF VIRGINIA

April 18, 1980.

Record No. 790757.

Present: All the Justices.

*Douglas W. Napier (David N. Crump, Jr.,* on briefs), for appellant.
*Guy W. Horsley, Jr., Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

CARRICO, J., delivered the opinion of the Court.

Indicted for possession of phencyclidine, a controlled substance, the defendant, Howard Mason Gray, III, was tried by jury and convicted as charged. In accordance with the jury's verdict, he was sentenced to serve twelve months in jail and to pay a fine of $500. We awarded him an appeal limited to the question whether a certificate of drug analysis was "admissible into evidence pursuant to Code § 19.2-187." *

The record shows that on July 13, 1978, a vehicle operated by the defendant collided with a police cruiser in the town of Front Royal. Placed in the rear seat of the cruiser during investigation of the incident, the defendant was observed "attempting to stuff. . . a plastic baggy" behind the seat. The defendant was removed from the cruiser, and a police officer entered the vehicle and "recovered the bag."

The bag was delivered to the state forensic laboratory at Merrifield for analysis of its contents. Later, a certificate of analysis was issued by Wendy L. Weaver, a chemist at the laboratory, stating that plant material contained in the bag was treated with phencyclidine. The certificate was forwarded to the Front Royal police.

Approximately one month before trial in circuit court, pursuant to a motion for discovery, a copy of the certificate was furnished to

---

* In pertinent part, Code § 19.2-187 provides:
"In any hearing or trial of any criminal offense, a certificate of analysis of a person performing an analysis or examination, performed in any laboratory operated by the Division of Consolidated Laboratory Services or authorized by such Division to conduct such analysis or examination . . . when such certificate is duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided that the certificate of analysis shall be filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial."

defense counsel. The certificate was not filed with the clerk of the circuit court, however, until three days before trial.

At trial, Ms. Weaver, the chemist who had prepared the certificate, was unavailable as a witness. Conceding that the Commonwealth had not complied with the seven-day filing requirement of Code § 19.2-187, the Commonwealth's Attorney called as a witness Ms. Weaver's supervisor and attempted through him to introduce the certificate under the "shopbook rule" exception to the hearsay rule. The defendant objected to the admission of the certificate on the ground that the seven-day filing requirement of § 19.2-187 had not been complied with. Brushing aside both the Commonwealth's "shopbook" argument and the defendant's claim of noncompliance with § 19.2-187, the trial court held that the certificate was admissible because a copy had been furnished defense counsel in advance of trial and the defendant had not been prejudiced by the Commonwealth's untimely filing of the certificate with the clerk.

■ On appeal, the Commonwealth continues to assert that the "shopbook rule" constitutes a basis for the admission of the certificate. As we noted earlier, however, we limited the appeal in this case to the question whether the certificate was "admissible into evidence pursuant to Code § 19.2-187." The effect of this limitation was to exclude from consideration the Commonwealth's "shopbook" argument and to confine the issue to whether the certificate was admissible under the statute, despite the admitted failure of the Commonwealth fully to comply therewith. *See Payne* v. *Commonwealth,* 220 Va. 601, 607, 260 S.E.2d 247, 251 (1979).

■ We believe that, in the absence of the preparer of the certificate as a witness at trial, the failure of the Commonwealth fully to comply with the filing provisions of § 19.2-187 renders the certificate inadmissible. The statute deals with criminal matters, and it undertakes to make admissible evidence which otherwise might be subject to a valid hearsay objection. Thus, the statute should be construed strictly against the Commonwealth and in favor of the accused. *Ansell* v. *Commonwealth,* 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979). *See Pump and Well Company* v. *Taylor,* 201 Va. 311, 316, 110 S.E.2d 525, 529 (1959). This rule of construction is particularly applicable to the filing requirements of § 19.2-187; these requirements are contained in a proviso to the Code section. The proviso serves to limit and restrain what precedes it in the statute. *Jordan, et als.* v. *So. Boston,* 138 Va. 838, 846-47, 122 S.E. 265, 267 (1924).

The proviso in this case requires that the certificate shall be filed with the clerk of the court hearing the case at least seven days prior to

hearing or trial. The statute does not provide that it shall suffice if, in lieu of filing with the clerk, a copy of the certificate is furnished to defense counsel in advance of trial; neither does the statute provide that filing with the clerk three, rather than seven, days prior to trial shall be sufficient unless an accused can show prejudice resulting from the failure earlier to file the certificate. For this court to read these provisions into § 19.2-187 would be to construe the statute strictly against the accused and in favor of the Commonwealth, a result clearly contrary to the applicable rule of construction.

■ We conclude, therefore, that the admission into evidence of the certificate in question requires reversal of the defendant's conviction. Because, however, this reversal is for mere trial error, and not for evidentiary insufficiency, we will remand the case for a new trial. *Burks* v. *United States,* 437 U.S. 1, 15 (1978); *Greene* v. *Massey,* 437 U.S. 19, 25-26 (1978).

*Reversed and remanded.*

THOMPSON, J., dissenting.

The majority holds that the failure of the prosecution to file the certificate of the chemist at least seven days prior to the hearing as provided in Code § 19.2-187 requires a new trial. I do not agree.

The record shows that on December 15, 1978 the defendant filed a motion for discovery and bill of particulars, and that a copy of the certificate of analysis by the chemist was hand delivered to the defense attorney on January 5, 1979. The certificate of analysis was filed with the clerk of court on February 6, 1979, and the case was tried on February 9, 1979. In the argument on the objection during the trial, and out of the presence of the jury, the attorney for the defense did not claim, nor did he attempt to show, that he had been prejudiced by the four-day delay in filing. The trial court concluded that the defendant had not been prejudiced.

The ruling of the trial court was erroneous, but it is not sufficient to require a reversal and new trial.

In a comparable situation this court said:

> While it is the duty of the arresting officer to comply with the statute, his failure to do so does not constitute reversible error unless it affirmatively appears that defendant was prejudiced thereby.

*Dorchincoz* v. *Commonwealth,* 191 Va. 33, 36, 59 S.E.2d 863 (1950).

For this reason, I respectfully dissent.