## Salem

JESSIE JAMES MULLINS

v.

COMMONWEALTH OF VIRGINIA

No. 1705-89-3

Decided April 5, 1991

Counsel

Robert B. Altizer (Gillespie, Hart, Altizer & White, P.C., on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General; Thomas C. Daniel, Assistant Attorney General, on brief), for appellee.

Opinion

COLEMAN, J.—In a bench trial on December 4, 1984, the circuit court convicted Jessie James Mullins for violating Code § 18.2-248 by distributing hydromorphone (dilaudid), a Schedule II controlled substance. Mullins contends that the certificate of drug analysis was admitted into evidence in violation of Code § 19.2-187.[1] We agree. Accordingly, we reverse his conviction and remand the case.

Mullins further contends that the trial court erred by permitting a deputy clerk to testify, in violation of Code § 19.2-271, that defense counsel had looked at the court file prior to trial. Presumably, the evidence was offered as tending to show that defense counsel had seen the certificate of analysis. For the reasons that follow, we do not reach that issue.

The certificate of analysis was properly filed with the clerk of the circuit court more than seven days prior to the trial. The Commonwealth's attorney had furnished Mullins' counsel with a copy of the certificate in response to a discovery motion. Mullins argues that because the clerk failed to mail him a copy of the certificate after he had requested it pursuant to Code § 19.2-187, the certificate was inadmissible. We agree.

---

[1] The 1984 version of Code § 19.2-187 provided, in pertinent part: "In any hearing or trial of any criminal offense, a certificate of analysis of a person performing an analysis or examination . . . shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk . . . to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel."

██ The holding in *Gray v. Commonwealth*, 220 Va. 943, 265 S.E.2d 705 (1980), compels the conclusion that the certificate of analysis was inadmissible. In *Gray*, our Supreme Court held that § 19.2-187 should be construed strictly against the Commonwealth and in favor of the accused, since "it undertakes to make admissible evidence which otherwise might be subject to a valid hearsay objection." *Id.* at 945, 265 S.E.2d at 706. The Court further held that "[t]his rule of construction is particularly applicable to the filing requirements . . . contained in a proviso to the Code section." *Id.*; *see Stokes v. Commonwealth*, 11 Va. App. 550, 399 S.E.2d 453 (1991). When *Gray* was decided, the proviso did not include a mailing requirement. The General Assembly amended Code § 19.2-187 in 1983 by adding the proviso "that a copy of such certificate is mailed or delivered by the clerk to counsel of record for the accused at least seven days prior to the hearing or trial *upon request of such counsel.*" (emphasis added). The proviso was again amended in 1984, when the General Assembly separately numbered the filing and mailing clauses, thereby placing the two clauses on equal footing. Based on the logical extension of the *Gray* decision, we hold that the mailing condition also must be strictly construed against the Commonwealth.

The defendant in *Gray*, like Mullins, also had obtained a copy of the certificate of analysis through discovery. The Court held that no showing of prejudice to the defendant was required:

> The statute does not provide that it shall suffice if, in lieu of filing with the clerk, a copy of the certificate is furnished to defense counsel in advance of trial; neither does the statute provide that filing with the clerk three, rather than seven, days prior to trial shall be sufficient unless an accused can show prejudice resulting from the failure earlier to file the certificate. For this court to read these provisions into § 19.2-187 would be to construe the statute strictly against the accused and in favor of the Commonwealth, a result clearly contrary to the applicable rule of construction.

*Id.* at 946, 265 S.E.2d at 706. The issue is not whether the defendant or his counsel received notice of the content of the certificate, but whether the statutory prerequisites had been satisfied for admitting into evidence a document that otherwise would be inadmissible hearsay.

In this case, counsel for Mullins requested the clerk's office to mail him a copy of the certificate. The version of Code § 19.2-187 in effect at the time of Mullins' trial mandated that when defense counsel made such a request, mailing or delivery by the clerk became a statutory prerequisite to be satisfied before admitting the certificate into evidence. Because the prerequisite was not satisfied,[2] we reverse the conviction and remand the case for a new trial. Our decision makes it unnecessary to address Mullins' contention that an employee of the clerk's office was permitted to testify in violation of Code § 19.2-271. In light of our holding, the substance of the clerk's testimony was irrelevant to whether the certificate was filed in compliance with the statute and will be irrelevant on remand.

*Reversed and remanded.*

Keenan, J., and Moon, J., concurred.

---

[2]  Code § 19.2-187 was again amended in 1988. As the statute now reads, if defense counsel makes a request for the certificate, the statutory prerequisite may be satisfied by either the clerk *or* the Commonwealth's attorney. Receipt of the certificate in response to a discovery request now fulfills the requirement.