**Richmond**

THOMAS COURTNEY WOODWARD

v.

COMMONWEALTH OF VIRGINIA

No. 1564-91-2

Decided June 29, 1993

COUNSEL

James B. Thorsen (Thorsen, Page & Marchant, on briefs), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—In this appeal of a conviction of possession of cocaine, we hold that the improper admission of a certificate of analysis was harmless in the determination of the defendant's guilt. The certificate of analysis related to only one of two quantities of cocaine connected to the defendant by identical evidence. Evidence of the second quantity of cocaine, untainted by the improperly admitted certificate, supported the single conviction. We cannot conclude, however, that the improperly admitted certificate of analysis did not affect the defendant's sentence. Because the matter was tried by the trial court, sitting without a jury, we reverse only the sentence and remand the matter for resentencing.

The cocaine was found during a search by police of the defendant's home. The police found the defendant lying in bed in his bedroom and in that room they discovered a paper bag containing a clear bottle with

a valve top and a gray plastic tube. The challenged certificate of analysis reported that the gray tube contained trace amounts of cocaine. Another certificate of analysis, the admissibility of which was also contested, reported that the valve top contained trace amounts of cocaine.

The paper bag also contained smoking devices, pipes, a beige plate containing residue, a set of hand scales, scissor-razor clips, film canisters, screens, a chrome smoking device, razor blades with residue, and marijuana seeds. In response to police questions about "the marijuana and pipes," the defendant admitted that, "if it was found in [his] room," it was his. He also acknowledged that the hand scales were his.

A Commonwealth's witness further connected the defendant with the use of cocaine in the residence. He testified that he had lived with the defendant in the home and had seen the defendant and his girlfriend using cocaine while there. He said that they inhaled the cocaine using straws or dollar bills.

Two months before trial, the defendant's counsel wrote to the clerk requesting a copy of the "forthcoming certificate of analysis." At the time, the certificate was not on file with the clerk; however, twenty-six days later it was filed with the clerk. Neither the clerk nor the Commonwealth's attorney mailed or delivered a copy of the certificate to defense counsel. At trial, the defendant objected to the admission of the certificate on the ground that a copy of it had not been "mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel." Code § 19.2-187. The court overruled the objection and admitted the certificate of analysis into evidence.

A certificate of analysis is not admissible if the Commonwealth fails strictly to comply with the provisions of Code § 19.2-187. *Gray v. Commonwealth*, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980); *Mullins v. Commonwealth*, 12 Va. App. 372, 374-75, 404 S.E.2d 237, 238-39 (1991); *Basfield v. Commonwealth*, 11 Va. App. 122, 124, 398 S.E.2d 80, 81 (1990); *Allen v. Commonwealth*, 3 Va. App. 657, 663-64, 353 S.E.2d 162, 166 (1987). Prejudice to the defendant from a failure to comply need not be shown. *Gray*, 220 Va. at 946, 265 S.E.2d at 706.

The Commonwealth argues that because the defendant requested a copy of the certificate before, rather than after, the filing of the certificate, the certificate was admissible. However, the statute contains no such limitation, and we have no authority to impose it. Consequently, we hold that the certificate was not admissible and that the trial court erred in admitting it.

■ This error, however, does not require reversal if the error was harmless. An error, if non-constitutional in nature as is this one, is harmless if " 'it plainly appears from the record and the evidence given at the trial that' the error did not affect the verdict." *Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). Evidence admitted in error does not affect a verdict if it is "merely cumulative of other, undisputed evidence." *Ferguson v. Commonwealth*, 16 Va. App. 9, 12, 427 S.E.2d 442, 445 (1993).

Evidence in this case of cocaine residue in the gray plastic tube was not the only evidence supporting the verdict. Evidence of cocaine residue in the valve top also supported the verdict. This evidence, to the extent that it was either undisputed or, if disputed, unaffected by the erroneously admitted certificate of analysis, renders the erroneously admitted evidence harmless as a matter of law on the issue of guilt.

■ Although the defendant challenged the admissibility of the certificate of analysis of the residue in the valve top, he did not challenge its content, and it was not admitted in error. The defendant objected to the admission of this certificate of analysis on the ground that a proper chain of custody had not been established because the valve top had not been included in the inventory of the items seized during the search of the defendant's bedroom. An officer seizing property during a search pursuant to a search warrant must prepare an inventory, under oath, listing the property seized and must file the inventory with the clerk of the circuit court. Code § 19.2-57. The inventory filed with the clerk was never made a part of the record in this proceeding. Other evidence, however, established a proper chain of custody. We conclude, therefore, that the certificate of analysis was admissible. *See Gosling v. Commonwealth*, 14 Va. App. 158, 166, 415 S.E.2d 870, 874 (1992) (certificate of analysis admissible if from the evidence it is reasonably certain that "evidence analyzed was the same evidence originally collected").

The defendant did not dispute the accuracy of the content of the certificate of analysis of the residue found in the valve top. Consequently, once admitted, the certificate of analysis constituted undisputed evidence of cocaine residue in the value top. Having chosen not to dispute the fact that the valve top contained cocaine, the defendant may not now seek to relitigate that fact because of an error in proving that the gray tube also contained cocaine. *See Ferguson,* 16 Va. App. at 13, 427 S.E.2d at 445.

Evidence of the defendant's possession of the valve top and his knowledge of its contents was exactly the same evidence as that of his possession of the gray plastic tube and his knowledge of its contents. The defendant disputed that he was in possession of the cocaine found in the gray tube and the valve top; however, he did not dispute that the valve top and the gray plastic tube were found together in a paper bag in his bedroom. In finding the defendant guilty of a single count of possession of cocaine, the trial court must have concluded that the defendant knowingly possessed the cocaine residue contained in both the valve top and the gray plastic tube. Because the defendant was only charged and convicted with one offense of possession of cocaine, the error in proving that the substance in the gray tube was cocaine could not have affected the finding that he also knowingly possessed the cocaine in the valve top. The verdict of guilt was, therefore, unaffected by the error in admitting the certificate of analysis, and the error was, therefore, harmless as to that verdict.

However, we are unable to say from the record that this error did not affect the defendant's sentence. *See Caldwell v. Commonwealth,* 221 Va. 291, 298, 269 S.E.2d 811, 815 (1980). The defendant was sentenced to ten years in the penitentiary that were suspended for ten years on condition of his good behavior, and the court placed the defendant on supervised probation. Although the trial court placed the defendant on probation, it imposed the maximum sentence possible for the offense. *See* Code §§ 18.2-10 and 18.2-50. Thus, we are unable to say that the sentence imposed by the trial court was not affected by a finding that the defendant possessed cocaine in the gray tube.

Because the error could have affected only the sentence and because the sentence was imposed by a trial court sitting without a jury, we may set aside that part of the final judgment and remand the proceeding to permit the defendant to be resentenced. *See Head v. Commonwealth,* 3 Va. App. 163, 173-74, 348 S.E.2d 423, 430 (1986); *see also Parrish v. Commonwealth,* 14 Va. App. 23, 27, 415 S.E.2d

234, 236 (1992); *Bell v. Commonwealth*, 11 Va. App. 530, 534, 399 S.E.2d 450, 453 (1991).

The defendant raises other issues. He contends that the search of his residence exceeded the scope of the search warrant, that the police officers entered his home without knocking and that the evidence was insufficient to support his conviction for possession of cocaine. We find no merit in these contentions.

■ The defendant asserts that the police officers exceeded the scope of the search warrant when they searched his home, but he failed to make a copy of the search warrant a part of the record in this proceeding. He contends that the description in the warrant was insufficient to permit the police officers to search his bedroom; however, without a copy of the search warrant as a part of this record, we are unable to determine that the search exceeded the scope authorized by the warrant. "[A]n appellant has the primary responsibility of ensuring that a complete record is furnished to an appellate court so that errors assigned may be decided properly." *Ferguson v. Commonwealth*, 10 Va. App. 189, 194, 390 S.E.2d 782, 785, *aff'd in part, rev'd in part on other grounds*, 240 Va. ix, 396 S.E.2d 675 (1990). Thus, we are unable to conclude that the trial court erred in declining to suppress the evidence seized during the search.

■ Next, the defendant contends that the officers failed to comply with the "knock and announce" rule when they entered his home. Generally, when executing a search warrant at a residence, police officers must first knock, identify themselves as police officers, state the reasons for their presence, and wait a reasonable period of time for the occupants to answer before forcing their entry into the home. *Heaton v. Commonwealth*, 215 Va. 137, 138, 207 S.E.2d 829, 830 (1974). In this case, the police officers encountered an occupant of the home in the yard outside of the house. They told her that they had a warrant to search the house and she escorted them to the back door through which they entered. Thus, the police officers identified themselves and stated the reason for their presence to an occupant of the home before entering the home. The purpose of the "knock and announce" rule was satisfied by their actions, even though they did not knock on the door before entering the home.

Finally, the defendant challenges the sufficiency of the evidence supporting his conviction. The valve top containing cocaine residue

was found in a paper bag in his bedroom. The bag also contained various smoking devices, pipes, and a set of hand scales. He acknowledged that one of the pipes and the hand scales were his. Further, another occupant of the home testified that he had seen the defendant using cocaine while in the home. This evidence sufficiently supported a finding that he was "aware of both the presence and character of the substance and that it was subject to his dominion and control." *Powers v. Commonwealth*, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

For these reasons, we find no error affecting the determination that the defendant was guilty of possession of cocaine. We do conclude, however, that an error may have affected his sentence. Therefore, we vacate his sentence and remand this proceeding to the trial court for resentencing.

*Sentence set aside and remanded.*

Moon, C.J.,* and Elder, J., concurred.

---

\* On May 1, 1993, Judge Moon succeeded Judge Koontz as Chief Judge.