### Richmond

WILNER PETIT FRERE, a/k/a
CHARLES CLEVRAUX

v.

COMMONWEALTH OF VIRGINIA

No. 0472-93-1

Decided January 3, 1995

COUNSEL

Thomas L. Northam, for appellant.

Leah A. Darron, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Wilner Petit Frere appeals his conviction for possession of cocaine with intent to distribute under Code § 18.2-248. He argues the certificate of analysis was improperly admitted into evidence under Code § 19.2-187 because (1) it contained a signature but no attestation clause, and (2) it was a photocopy of the original. For the reasons that follow, we reverse appellant's conviction and remand to the trial court.

## I.

Appellant was prosecuted for possession of cocaine with intent to distribute after a police officer found him in possession of a large quantity of a white powder the officer believed to be cocaine. The Commonwealth filed a photocopy of the original certificate of analysis in general district court. In addition to the filing stamp, the document was signed by a deputy clerk and contained the notation that the "original [was] filed with C92-518." It was also marked "FILED June 17, A.D., 1992, Teste: SAMUEL H. COOPER, JR., CLERK, By Iris Underwood, Dy." The certificate listed three people, including appellant, as suspects. It was printed on letterhead marked "Division of Forensic Science" and "Certificate of Analysis." Finally, the certificate was signed by Susan

Stanitski, whose signature appeared on a preprinted signature block near the bottom of the certificate. Only the typewritten words "Susan Stanitski" appeared below the signature block. There was no attestation clause or other indication of the capacity in which Ms. Stanitski signed the certificate, although she was listed as the "Examiner" in another place on the certificate.

At trial, appellant's counsel objected to admission of the certificate under Code § 19.2-187 on the grounds that (1) it was not properly attested as required under the statute, and (2) it was not the original and contained no indication that the original was filed in circuit court rather than general district court. The judge ruled, however, that the statute did not require attestation of a certificate from the Division of Forensic Science. He also ruled that the statute did not bar admission of a photocopy or duplicate original.

## II.

We hold the trial court erroneously admitted the certificate into evidence because the certificate was not "duly attested" as mandated by Code § 19.2-187. We interpret the phrase "duly attested" as requiring more than the mere signature of the person who performed the substance analysis.

This decision is dictated by our interpretation of Code § 19.2-187 and by our application of that statute to the certificate of analysis admitted at trial.[1] The statute's first sentence contains the following one hundred ninety words:

In any hearing or trial of any criminal offense or in any proceeding brought pursuant to Chapter 22.1 (19.2-386.1 et seq.) of this title, a certificate of analysis of a person performing an analysis or examination performed in any laboratory operated by the Division of Consolidated Laboratory Services or the Division of Forensic Science or authorized by such Division to conduct such analysis or examination, or performed by the Federal Bureau of Investigation, the Federal Postal Inspection Service, the Federal Bureau of Alcohol, Tobacco and Firearms, or the federal Drug Enforcement Administration when such certificate is *duly attested* by such person, shall be admissible in evidence as evidence of the

---

[1] For a similar analysis of Code § 19.2-306, see *Carbaugh v. Commonwealth*, 19 Va. App. 119, 449 S.E.2d 264 (1994).

facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel.

* * * * * * *

Any such certificate of analysis purporting to be signed by any such person shall be admissible as evidence in such hearing or trial without any proof of the seal or signature or of the official character of the person whose name is signed to it.

(Emphasis added).

The language of Code § 19.2-187 provides the elements a certificate of analysis must contain if such certificate is introduced as a means of avoiding the rule against hearsay evidence. The statute provides that the certificate is admissible "when such certificate is duly attested by such person." The Commonwealth reads this dependent clause as modifying or applying to the larger dependent clause in which it is included—the clause enumerating the federal agencies. Based upon that reading of the statute, the Commonwealth argues, and the trial court agreed, the attestation requirement applies only to the federal agencies and does not apply to the state Divisions.

However, an equally reasonable interpretation is advanced by appellant. Appellant contends that the attestation requirement applies to every testing authority enumerated in the list, both federal and state. Following appellant's interpretation of the statute, the clause "when such certificate is duly attested" modifies or applies to the entire list of federal and state testing authorities that precedes that clause.

Keeping in mind that "[p]unctuation is said to be the most fallible of all standards by which to interpret a statute," *Harris v. Commonwealth*, 142 Va. 620, 624, 128 S.E. 578, 579 (1925), we are unable to find a grammatical rule that resolves this conflict in interpretations. The phrase "when such certificate is duly at-

tested" is a dependent adverb clause. *See* C. Edward Good, *Mightier than the Sword: Powerful Writing in the Legal Profession* 94 (1989). The word "when" is the subordinating conjunction used to introduce the dependent adverb clause. *Id.* To form a complete sentence, the dependent adverb clause (describing *when* attestation is required) must be joined to the independent clause (the grouping of words that can stand alone as a complete sentence). Unfortunately, in this statute the dependent adverb clause is buried in the impenetrable thicket of independent and dependent clauses that comprise the lengthy sentence. Moreover, commas are used to set apart some clauses but not others.

We presume that when drafting this statute, the legislature understood the basic rules of grammar and also understood the rules of commas, which are often subjectively applied in sentence construction. The legislature knew that this statute would be closely read by law enforcement and the courts. If the legislature had meant to foreclose all but one intended interpretation, it could have precisely drafted the statute to say so. The statute's lack of precision has left us with language that invites two equally plausible interpretations. Without direct evidence of legislative intent, we are forced to choose one valid interpretation over the other. *See Crews v. Commonwealth*, 3 Va. App. 531, 535-36, 352 S.E.2d 1, 3 (citation omitted) ("[t]he primary objective of statutory construction is to ascertain and give effect to legislative intent"), *appeal denied*, 360 S.E.2d 715 (Va. 1987).

▮ In choosing which interpretation must be applied in this case, we are guided by certain principles. First, Code § 19.2-187 deals with penal matters; thus, it should be construed strictly against the Commonwealth and in favor of the accused. *Gray v. Commonwealth*, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980). *See also King v. Commonwealth*, 6 Va. App. 351, 354, 368 S.E.2d 704, 706 (1988) ("Criminal statutes are to be 'strictly construed against the Commonwealth and in favor of [a] citizen's liberty' "). Another reason for strict construction in favor of the accused is that Code § 19.2-187 undertakes to make admissible evidence that otherwise might be subject to a valid hearsay objection. *Gray*, 220 Va. at 945, 265 S.E.2d at 706. Strictly construing the statute against the Commonwealth, we hold that attestation is required for all state and federal agencies.

■ Next, we must decide what meaning is imported to the term "attest." "It is a basic rule of statutory construction that a word in a statute is to be given its everyday, ordinary meaning unless the word is a word of art." *Stein v. Commonwealth*, 12 Va. App. 65, 69, 402 S.E.2d 238, 241 (1991) (citation omitted). Thus, we must afford to the word "attest" its plain meaning. *See Virginia Dep't of Labor & Industry v. Westmoreland Coal Co.*, 233 Va. 97, 99, 353 S.E.2d 758, 760 (1987). According to Webster's Dictionary, attest means "to bear witness to," "to authenticate officially," or "to certify." *Webster's Third New International Dictionary (Unabridged)* 141 (3d ed. 1981). Because "attest" is a nontechnical word, it is presumed to have been used in its ordinary sense. *See Smith v. Commonwealth*, 3 Va. App. 650, 655, 353 S.E.2d 159, 161, *appeal denied*, 363 S.E.2d 703 (Va. 1987).

■ We conclude, therefore, that in order to be admissible as an exception to the hearsay rule, a certificate introduced under Code § 19.2-187 must bear the examiner's signature as part of an attestation clause included on the certificate. It is every testing facility's responsibility to include some formal attestation clause on the testing certificate before it can be introduced into evidence. The preparer's signature on an attestation clause will serve the purpose of officially certifying the genuineness and accuracy of the certificate's contents, a result that a mere signature cannot achieve.

If the legislature had intended to require a mere signature, we presume that it would not have used the word "attested," a word that imputes more stringent requirements than those connoted by the word "signature." Code § 19.2-187, however, does not require notarization of the preparer's signature.[2] Even if such notarization were required, the notary's official seal and signature would attest only to the genuineness of the preparer's signature on the certificate. It would not, however, address the genuineness or accuracy of the certificate itself or the certificate's conclusions.

---

[2] The Commonwealth argues that the 1991 Opinion of the Attorney General 138-39, was meant to transform Code § 19.2-187's attestation requirement into a mere signature requirement. However, we believe that this Opinion of the Attorney General, and the related 1977 Opinion of the Attorney General 118-19, are not instructive in reaching our conclusion, as they do not clearly address the instant issue. *See* Op. Va. Att'y Gen. 138-39 (Nov. 12, 1991); Op. Va. Att'y Gen. 118-19 (Aug. 29, 1977). Furthermore, even if the Opinions were directly on point, they are not binding, but merely persuasive authority that may be used as an aid in construing legislative intent. *Diggs v. Commonwealth*, 6 Va. App. 300, 304-05, 369 S.E.2d 199, 201-02 (1988).

The Arkansas Supreme Court, the only other court to interpret the word "attest" in the context of drug certificate admissibility, also chose to give "attest" its plain meaning. *Nard v. Arkansas*, 304 Ark. 159, 801 S.W.2d 634 (Ark. 1990) (interpreting Ark. Code Ann. § 12-12-313).[3] The applicable Arkansas statute, however, does not include a provision similar to the last paragraph of Virginia Code § 19.2-187;[4] thus, notarization is required as the first step to prove the mere signature on an Arkansas crime record. Beyond requiring notarization of a record-preparer's signature, the Arkansas Supreme Court also requires further "indicia of truthfulness" to attend a drug analysis report's admissibility. *Nard*, 304 Ark. at 162, 801 S.W.2d at 636. *See also Willis v. State*, 309 Ark. 328, 829 S.W.2d 417 (1992).

## III.

The second issue raised by appellant is without merit. As in *Myrick v. Commonwealth*, 13 Va. App. 333, 412 S.E.2d 176 (1991), appellant's

> objection on the ground that a copy rather than the original was filed raises neither a hearsay question nor a filing problem under Code § 19.2-187. Rather, [his] objection raises a "best evidence" question, which is whether a copy of the certificate of analysis qualifies as an original or can be filed in lieu of the original for the purposes of pretrial filing as required by Code § 19.2-187.

*Id.* at 338, 412 S.E.2d at 179. In this case, as in *Myrick*, appellant never asserted that the certificate admitted was not an accurate copy of the original. Rather, he argued only that the filing of a photocopy or duplicate original was insufficient to meet the prefiling requirements of the statute. As we held in both *Myrick* and *Winston v. Commonwealth*, 16 Va. App. 901, 434 S.E.2d 4 (1993), "[a] duplicate original is accorded the same dignity as an

---

[3] Ark. Code Ann. § 12-12-313(d)(1) (Michie 1987 & Supp. 1993) states that "[a]ll records and reports of evidence analysis of the State Crime Laboratory shall be received as competent evidence as to the facts in any court or other proceeding when *duly attested* to by the employee who performed the analysis." (emphasis added).

[4] The last paragraph of Code § 19.2-187 states that "[a]ny such certificate of analysis purporting to be signed by any such person shall be admissible as evidence in such hearing or trial without any proof of the seal or signature or of the official character of the person whose name is signed to it."

original" and is admissible in evidence under Code § 19.2-187 on the same terms. *Id.* at 904, 434 S.E.2d at 5.

The only remaining question is whether the evidence, viewed in the light most favorable to the Commonwealth, supports the trial court's finding that the certificate was indeed a duplicate original. Deputy Scott, whose name appears on the certificate as the person who submitted the evidence, confirmed that he submitted the suspected cocaine to the laboratory for testing, and Special Agent Childress identified the case number listed on the certificate of analysis, 9285000346, as the same one given the white powdery substance submitted to the lab for testing in this case. The Commonwealth's Attorney proffered that the certificate filed in this case was a copy teste of the original filed in the case of one of appellant's co-defendants, and the certificate listed the names of three suspects, including that of appellant. Finally, and perhaps most importantly, the certificate contained the following notation made and signed by Reba G. Murphy, Deputy Clerk: "original filed, filed with C92-518." We conclude that the evidence supported the trial court's finding that the certificate filed was a duplicate original, which satisfied the requirements of Code § 19.2-187.

For these reasons, we reverse appellant's conviction and remand to the trial court for further proceedings if the Commonwealth be so advised.

*Reversed and remanded.*

Barrow, J., and Koontz, J., concurred.