PHILLIP S. COPELAND

v.

COMMONWEALTH OF VIRGINIA

No. 0334-93-1

Decided January 17, 1995

COUNSEL

W. Jeffrey Overton (Ferguson and Rawls, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

BENTON, J.—The question presented in this appeal is whether the trial judge erred by admitting into evidence a certificate of analysis that was requested by defense counsel during discovery and that was not mailed or delivered by the Commonwealth's Attorney to defense counsel at least seven days prior to trial. We hold that the certificate of analysis was not mailed or delivered in conformity with Code § 19.2-187 and, thus, was inadmissible.

The record proved that Phillip S. Copeland was indicted for possession of cocaine in violation of Code § 18.2-250. A certificate of analysis, prepared by the Division of Forensic Science and identifying the residue found in a smoking device as cocaine, was filed with the clerk of the circuit court on May 8, 1992. On June 9, 1992, Copeland's counsel filed a motion for production and inspection of documents, including, specifically, "certificates of analysis." The Commonwealth's Attorney delivered to Copeland's counsel an answer to the motion on July 13, 1992, and attached to that answer a copy of the certificate of analysis.

Three days later at the trial, Copeland's counsel objected to the admission of the certificate of analysis because a copy of the certificate of analysis had not been mailed or delivered to him seven days prior to trial. Ruling that Copeland's counsel had not made a request for the document specifically to the clerk, the trial judge permitted the Commonwealth to admit into evidence the certificate of analysis. Copeland was convicted and appeals from the ruling admitting the certificate of analysis.

█ The admission into evidence of the certificate of analysis is controlled by the following statute:

In any hearing or trial of any criminal offense or in any proceeding brought pursuant to Chapter 22.1 (§ 19.2-386.1 et seq.) of this title, a certificate of analysis of a person per-

forming an analysis or examination, performed in any laboratory operated by the Division of Consolidated Laboratory Services or the Division of Forensic Science or authorized by such Division to conduct such analysis or examination, or performed by the Federal Bureau of Investigation, the federal Postal Inspection Service, the federal Bureau of Alcohol, Tobacco and Firearms, the Naval Criminal Investigative Service, the National Fish and Wildlife Forensics Laboratory, or the federal Drug Enforcement Administration when such certificate is duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel.

Code § 19.2-187. "[T]he statute should be construed strictly against the Commonwealth and in favor of the accused." *Gray v. Commonwealth*, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980).

Copeland's counsel requested from the attorney for the Commonwealth the certificate of analysis. The attorney for the Commonwealth delivered the certificate of analysis to Copeland's counsel three days before trial. That delivery was not timely.

In admitting the certificate of analysis, the trial judge ruled that counsel was required to direct the request to the clerk of the court. Nothing in the statute contains that requirement. "For this court to read [that requirement] into [Code] § 19.2-187 would be to construe the statute strictly against the accused and in favor of the Commonwealth, a result clearly contrary to the applicable rule of construction." *Id.* at 946, 265 S.E.2d at 706.

For these reasons, we hold that the trial judge erred in admitting into evidence the certificate of analysis. Accordingly, we reverse the conviction and remand for a new trial.

*Reversed and remanded.*

Willis, J., and Bray, J., concurred.