COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia


STEPHEN L. CREGGER
                                        OPINION BY
v.          Record No. 0908-96-3    JUDGE RICHARD S. BRAY
                                        JUNE 24, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF WYTHE COUNTY
J. Colin Campbell, Judge

Charles Paul Stanley, III (Hodges, Campbell &
Stanley, on brief), for appellant.

Marla Graff Decker, Assistant Attorney
General (James S. Gilmore, III, Attorney
General; Margaret Ann B. Walker, Assistant
Attorney General, on brief), for appellee.


Stephen L. Cregger (defendant) was convicted in a bench trial of driving "while having a blood alcohol content of 0.08 percent or while under the influence of alcohol" (DUI).  On appeal, defendant contends that the trial court erroneously admitted a "Certificate of Breath Alcohol Analysis" (certificate) into evidence, a copy of which had not been provided to him by the attorney for the Commonwealth in accordance with Code § 19.2-187.  Finding no error, we affirm the conviction.

I.  FACTS

On April 8, 1995, Trooper L. F. Valley observed an automobile enter an intersection "without stopping at the stop sign," "nearly hitting" the trooper's vehicle.  Upon approaching the car, Valley "detected . . . an odor of alcohol" and ascertained that defendant was the driver.  Subsequent analysis

of defendant's breath, reported on the disputed certificate, revealed an alcohol concentration of 0.13 grams per 210 liters of breath, a violation of Code § 18.2-266(i).[1]  A warrant charging defendant with the subject offense was thereafter obtained, returnable to the "Wythe General District Court."

On August 17, 1995, defendant's counsel, pursuant to Code § 19.2-187, requested the attorney for the Commonwealth to furnish a copy of the certificate prior to defendant's trial in the general district court.  The Commonwealth failed to comply, but the district court admitted the certificate into evidence over defendant's objection, resulting in conviction.  Defendant appealed to the circuit court, without requesting a copy of the certificate incidental to prosecution of the offense in that forum.  Nevertheless, defendant objected to introduction of the certificate into evidence during trial in the circuit court, again arguing that the Commonwealth had neglected to comply with his earlier motion in the general district court.  The trial court overruled the objection, admitted the disputed certificate, and convicted defendant.

---

[1]Code § 18.2-266 proscribes the operation of a motor vehicle by any person having a "blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test" or while "under the influence of alcohol."  Code § 18.2-269(A) creates a presumption that an accused with such blood alcohol concentration "was under the influence of alcohol at the time of the alleged offense."

## II.   ANALYSIS

Code § 19.2-187 provides, inter alia, that:

> In any hearing or trial of any criminal
> offense or in any proceeding brought pursuant
> to Chapter 22.1 . . . of this title, a
> certificate of analysis . . . shall be
> admissible in evidence as evidence of the
> facts therein stated and the results of the
> analysis or examination referred to therein,
> provided (i) the certificate of analysis is
> filed with the clerk of the court hearing the
> case at least seven days prior to the hearing
> or trial and (ii) a copy of such certificate
> is mailed or delivered by the clerk or
> attorney for the Commonwealth to counsel of
> record for the accused at least seven days
> prior to the hearing or trial upon request of
> such counsel.

(Emphasis added.)  It is well established that "§ 19.2-187 should be construed strictly against the Commonwealth and in favor of the accused, since 'it undertakes to make admissible evidence which otherwise might be subject to a valid hearsay objection.'" Mullins v. Commonwealth, 12 Va. App. 372, 374, 404 S.E.2d 237, 238 (1991) (quoting Gray v. Commonwealth, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980)).  But see Willis v. Commonwealth, 10 Va. App. 430, 441, 393 S.E.2d 405, 411 (1990) ("[P]enal laws . . . 'ought not to be construed so strictly as to defeat the obvious intention of the legislature.'" (quoting Huddleston v. United States, 415 U.S. 814, 831 (1974))).  A certificate is, therefore, inadmissible when "the Commonwealth fails strictly to comply with . . . [the statute]," including a default in providing an accused with a copy of the certificate pursuant to its provisions. Woodward v. Commonwealth, 16 Va. App. 672, 674, 432 S.E.2d 510,

512 (1993); see also Bottoms v. Commonwealth, 20 Va. App. 466, 468-69, 457 S.E.2d 796, 797 (1995).

However, a principle of equal dignity in our jurisprudence instructs that "[t]he province of [statutory] construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation." Winston v. City of Richmond, 196 Va. 403, 408, 83 S.E.2d 728, 731 (1954); see Harrison & Bates, Inc. v. Featherstone Assocs. Ltd. Partnership, 253 Va. 364, 368, ___ S.E.2d ___, ___ (1997). "Words are ambiguous if they admit to 'being understood in more than one way[,]' . . . refer to 'two or more things simultaneously[,]' . . . are 'difficult to comprehend,' 'of doubtful import,' or lack 'clearness and definiteness.'" Diggs v. Commonwealth, 6 Va. App. 300, 301-02, 369 S.E.2d 199, 200 (1988) (en banc) (citation omitted). Absent such infirmities, the manifest intent of the legislature clearly expressed in its enactments should not be judicially thwarted under the guise of statutory construction. See Winston, 196 Va. at 407-08, 83 S.E.2d at 731.

Code § 19.2-187 renders a "certificate of analysis" admissible in certain proceedings, including "any hearing or trial of any criminal offense," provided it is timely "filed with the clerk of the court hearing the case" and "a copy . . . is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused . . . prior to the hearing or trial." (Emphasis added.) By repeatedly employing the

- 4 -

article "the," the legislature plainly and unambiguously referenced a specific "hearing or trial" pending in a particular tribunal, imposing upon its clerk, the attorney for the accused and the attorney for the Commonwealth certain attendant responsibilities. See Webster's Ninth New Collegiate Dictionary 1222 (1989). The statute clearly does not contemplate a conjectural hearing or trial in an unknown forum. See Allen v. Commonwealth, 3 Va. App. 657, 663-64, 353 S.E.2d 162, 165-66 (1987) (filing of certificate in general district court clerk's office did not constitute statutory filing "with the clerk of the [circuit] court hearing the case").

Here, defendant's only request for a copy of the certificate related to the prosecution then underway in the general district court. When defendant subsequently appealed the conviction in that court to the circuit court, he invoked the jurisdiction of the trial court pursuant to Code § 16.1-132, commencing a proceeding de novo pursuant to Code § 16.1-136 and "annul[ling] the judgment of the inferior tribunal as completely as if there had been no previous trial." Walker v. Department of Pub. Welfare, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982); see Buck v. City of Danville, 213 Va. 387, 388, 192 S.E.2d 758, 759 (1972). Under such circumstances, "it appears entirely fair that the accused and the State should start again at parity . . . ." Johnson v. Commonwealth, 212 Va. 579, 586, 186 S.E.2d 53, 58 (emphasis added), cert. denied, 407 U.S. 925 (1972); see also id.

- 5 -

at 584-86, 186 S.E.2d at 57-58 (circuit court is not bound by sentence imposed in district court); Harbaugh v. Commonwealth, 209 Va. 695, 698-99, 167 S.E.2d 329, 332 (1969) (defendant is not bound by a guilty plea entered in district court); Ledbetter v. Commonwealth, 18 Va. App. 805, 809, 447 S.E.2d 250, 252-53 (1994) (Commonwealth not bound by actions of prosecutor in district court).

Thus, absent a request by defendant for a copy of the certificate incidental to the de novo proceedings in the circuit court, Code § 19.2-187 imposed no duty upon the attorney for the Commonwealth, notwithstanding defendant's earlier request during the pendency of trial in the general district court. Accordingly, the certificate was properly received into evidence, and we affirm the conviction.

Affirmed.

Elder, J., dissenting.


I respectfully dissent because the majority's opinion
diverges in material respects from the lengthy line of cases
requiring the Commonwealth to strictly comply with the provisions
of Code § 19.2-187 and courts to narrowly construe its language.
I would hold that the trial court erroneously denied appellant's
motion to suppress the certificate of analysis (certificate)
because the Commonwealth's attorney failed to comply with the
request by appellant's counsel for a copy of the certificate
before trial.  I disagree with the majority's holding that the
language of Code § 19.2-187 requires a defense counsel to renew a
request for a copy of a certificate previously made to a
Commonwealth's attorney when the defendant's case is appealed
from a general district court to a circuit court.  Consequently,
I would reverse the conviction and remand.

Code § 19.2-187 provides that hearsay statements contained
in a certificate are admissible to prove the truth of their
assertions if, inter alia, "a copy of such certificate is mailed
or delivered by the . . . attorney for the Commonwealth to
counsel of record for the accused at least seven days prior to
the hearing or trial upon request of such counsel."  (Emphasis
added.)  We have repeatedly held that because Code § 19.2-187
provides an exception to the hearsay rule, a certificate is not
admissible if the Commonwealth fails to strictly comply with the

- 7 -

provisions of Code § 19.2-187.[2]  In addition, we have strictly
construed the language of Code § 19.2-187 because it is a penal
statute.[3]

I would hold that the trial court erred when it admitted the
hearsay statements of the certificate because the Commonwealth's
attorney failed to comply with the mailing requirement of Code
§ 19.2-187.  Appellant's counsel requested a copy of the
certificate from the Commonwealth's attorney on August 17, 1995.
The Commonwealth's attorney neither mailed nor delivered a copy
of the certificate to appellant's counsel prior to appellant's
trial in the circuit court on October 24.  We have previously
held that the failure of either the Commonwealth's attorney or

[2]See Bottoms v. Commonwealth, 20 Va. App. 466, 469, 457
S.E.2d 796, 797 (1995); Woodward v. Commonwealth, 16 Va. App.
672, 674, 432 S.E.2d 510, 512 (1993); Myrick v. Commonwealth, 13
Va. App. 333, 337, 412 S.E.2d 176, 178 (1991); Basfield v.
Commonwealth, 11 Va. App. 122, 124, 398 S.E.2d 80, 81 (1990);
Allen v. Commonwealth, 3 Va. App. 657, 663, 353 S.E.2d 162, 166
(1987); see also Gray v. Commonwealth, 220 Va. 943, 945, 265
S.E.2d 705, 706 (1980) (stating that "the failure of the
Commonwealth fully to comply with the filing provisions of
§ 19.2-187 renders the certificate inadmissible [in the absence
of the preparer of the certificate as a witness at trial]").

[3]See Bottoms, 20 Va. App. at 469, 457 S.E.2d at 797;
Copeland v. Commonwealth, 19 Va. App. 515, 517, 452 S.E.2d 876,
877 (1995); Barber v. Commonwealth, 19 Va. App. 497, 499, 452
S.E.2d 873, 875 (1995); Petit Frere v. Commonwealth, 19 Va. App.
460, 464, 452 S.E.2d 682, 685 (1995); Winston v. Commonwealth, 16
Va. App. 901, 904, 434 S.E.2d 4, 5 (1993); Harshaw v.
Commonwealth, 16 Va. App. 69, 71-72, 427 S.E.2d 733, 735 (1993);
Mostyn v. Commonwealth, 14 Va. App. 920, 922, 420 S.E.2d 519, 520
(1992); Myrick, 13 Va. App. at 338, 412 S.E.2d at 178; Mullins v.
Commonwealth, 12 Va. App. 372, 374, 404 S.E.2d 237, 238 (1991);
Stokes v. Commonwealth, 11 Va. App. 550, 552, 399 S.E.2d 453, 454
(1991); Allen, 3 Va. App. at 663, 353 S.E.2d at 166; see also
Gray, 220 Va. at 945, 265 S.E.2d at 706 (1980).

the clerk of court to strictly comply with the mailing requirement renders a certificate inadmissible.  See <u>Bottoms v. Commonwealth</u>, 20 Va. App. 466, 469, 457 S.E.2d 796, 797 (1995) (reversing conviction when clerk failed to mail a copy of certificate prior to trial); <u>Copeland v. Commonwealth</u>, 19 Va. App. 515, 517, 452 S.E.2d 876, 877 (1995) (reversing conviction when Commonwealth's attorney delivered a copy of certificate only three days prior to trial); <u>Woodward v. Commonwealth</u>, 16 Va. App. 672, 674-75, 432 S.E.2d 510, 511-12 (1993) (holding that trial court erroneously admitted certificate when a copy was not sent prior to trial); <u>Mullins v. Commonwealth</u>, 12 Va. App. 372, 375, 404 S.E.2d 237, 239 (1991) (reversing conviction under a prior version of Code § 19.2-187 when clerk failed to send a copy prior to trial even though defendant's counsel had obtained a copy through discovery).

I disagree with the majority's construction of Code § 19.2-187 to require a defense counsel, who has already requested a copy of a certificate from the Commonwealth's attorney prior to a trial in general district court, to make a second request if the case is appealed to the circuit court. This interpretation of Code § 19.2-187 has no textual support and is inconsistent with a narrow reading of the statute.

Code § 19.2-187 entitles a defense counsel to receive a copy of the certificate from a Commonwealth's attorney "upon request." The plain language of the statute does not specify the manner in

which such a request must be made and does not require a defense counsel to renew the request _ever_, much less following the appeal of his or her client's case from a general district court to a circuit court.  Cf. Woodward, 16 Va. App. at 675, 432 S.E.2d at 512 (holding that the language of Code § 19.2-187 does not prohibit a defendant's counsel from requesting a copy of a certificate _before_ it is filed with the trial court).  Instead, as Code § 19.2-187 is currently written, the duty of the Commonwealth's attorney to send a copy of a certificate arises _once a defense counsel has made a request_.  Nothing in the statute indicates that this duty ceases when a _de novo_ appeal of the defendant's case is taken to a circuit court.  Thus, the majority's broad reading of Code § 19.2-187 to require a defense counsel to make two separate requests for the same certificate of analysis when the defendant's case involves a trial in both general district court and circuit court contradicts our well established jurisprudence regarding the construction of this statute.

In addition, the majority concludes that, through repeated use of the article "the," the General Assembly intended the delivery/mailing requirement of Code § 19.2-187 to apply to "a specific 'hearing or trial' pending in a particular tribunal."  This conclusion leads to anomolous results when cases are tried in both general district court and circuit court.  Under the majority's logic, not only is a defense counsel required to renew

his or her request to a Commonwealth's attorney for a certificate when the defendant's conviction is appealed to the circuit court, a Commonwealth's attorney who has already complied once with the delivery/mailing requirement at the general district level is likewise required to provide the defense counsel with a second copy of the same certificate or risk violating the mandates of Code § 19.2-187.  I do not believe that the General Assembly intended the word "the" to mandate such a meaningless redundancy in these situations.  In addition, the statute regarding de novo appeals of criminal cases from general district court was not intended to transform the otherwise streamlined procedural safeguards of Code § 19.2-187 into a procedural booby trap for both defense counsel and Commonwealth's attorneys.

For these reasons, I dissent.