COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick,[*] Judge Elder and
          Senior Judge Duff
Argued at Alexandria, Virginia


ROBERT EUGENE HUGHES, III
                                        MEMORANDUM OPINION[**] BY
v.   Record No. 2802-96-4               JUDGE LARRY G. ELDER
                                          NOVEMBER 25, 1997
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Jack B. Stevens, Judge

          Mark J. Yeager for appellant.

          Ruth Ann Morken, Assistant Attorney General
          (James S. Gilmore, III, Attorney General;
          Margaret Ann B. Walker, Assistant Attorney
          General, on brief), for appellee.


     Robert E. Hughes (appellant) appeals his conviction of

driving under the influence of alcohol in violation of Code

§ 18.2-266.  He contends that the trial court erred when it

admitted into evidence a certificate of blood alcohol analysis

stating the result of a breath test he took shortly after his

arrest.  For the reasons that follow, we reverse and remand.

                                I.

                              FACTS

     On May 16, 1996, at approximately 8:30 a.m., appellant was

arrested by Trooper Loftis for driving under the influence of

---

[*]On November 19, 1997, Judge Fitzpatrick succeeded Judge
Moon as chief judge.

[**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

alcohol. The trooper transported appellant to headquarters where Trooper Mungin administered a breath test to appellant. The test indicated that appellant's blood alcohol content was in excess of the legal limit allowed for operating a motor vehicle. The result of this test was recorded on a certificate of blood alcohol analysis (certificate).

On August 13, appellant filed a precipe with the trial court requesting the clerk to send him a copy of the certificate. The clerk did not mail or deliver a copy of the certificate prior to appellant's trial on October 3.

At trial, appellant made a motion in limine to exclude the certificate because the clerk did not satisfy the "mailing requirement" of Code § 19.2-187. The trial court granted the motion. The Commonwealth subsequently moved for a nolle prosequi, which the trial court denied. The trial court then granted a recess of approximately two hours, during which the Commonwealth located Trooper Mungin.

When appellant's trial resumed, the Commonwealth called Trooper Mungin to testify. The written statement of facts summarizing the trooper's testimony indicates that he identified the certificate, but did not otherwise testify about its contents or the breath test he administered to appellant. The Commonwealth then moved the certificate into evidence. The trial court overruled appellant's objection to the certificate and admitted it into evidence. The trial court subsequently

-2-

convicted appellant of driving under the influence of alcohol.

II.

ADMISSIBILITY OF THE CERTIFICATE OF BLOOD ALCOHOL ANALYSIS

Appellant contends that the trial court erred when it admitted the certificate because the Commonwealth failed to establish compliance with all of the safeguards of Code § 19.2-187 and the testimony of Trooper Mungin did not render the certificate admissible. We agree.

It is well established that hearsay evidence is considered incompetent and is generally inadmissible unless it falls within an exception to this exclusionary rule. See Neal v. Commonwealth, 15 Va. App. 416, 420-21, 421 S.E.2d 521, 524 (1992). Hearsay evidence is defined as:

> testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.

Stevenson v. Commonwealth, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977) (citation omitted) (emphasis added). The hearsay rule applies to out-of-court statements contained in written reports offered to prove the results of tests or analysis conducted out of court. See Myrick v. Commonwealth, 13 Va. App. 333, 336-37, 412 S.E.2d 176, 178 (1991)); see also Bradshaw v. Commonwealth, 16 Va. App. 374, 380, 429 S.E.2d 881, 885 (1993) (citing William v. Morris, 200 Va. 413, 417, 105 S.E.2d 829, 832 (1958)).

The General Assembly has created an exception to the hearsay rule for the contents of written certificates of analysis. See

Code § 19.2-187; Gray v. Commonwealth, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980); Allen v. Commonwealth, 3 Va. App. 657, 662-63, 353 S.E.2d 162, 165 (1987). However, as a foundation for the admission of hearsay statements contained in certificates of analysis, the Commonwealth must prove that it strictly complied with the specific safeguards set forth in Code § 19.2-187, including the "attestation" requirement, the "filing" requirement, and the "mailing" requirement.[1] See Myrick, 13 Va. App. at 337, 412 S.E.2d at 178; Neal, 15 Va. App. at 420, 425 S.E.2d at 524 (stating that "[t]he party seeking to rely on an exception to the hearsay rule has the burden of establishing admissibility"). If the Commonwealth fails to establish the foundation required by Code § 19.2-187, then any hearsay

---

[1]Code § 19.2-187 states in relevant part:

> In any hearing or trial of any criminal offense . . . a certificate of analysis of a person performing an analysis or examination, performed in [one of the laboratories mentioned in the statute] when such certificate is duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel.

(Emphasis added).

contained in a certificate of analysis is inadmissible to prove the truth of what it asserts.

We hold that the trial court erred when it admitted the certificate to prove the result of the breath test administered to appellant shortly after his arrest. The Commonwealth concedes that the clerk failed to comply with appellant's request for a copy of the certificate prior to his trial. Because the mailing requirement was not satisfied, Trooper Mungin's hearsay statements contained in the certificate were not admissible "as evidence of the facts . . . and the results of the analysis . . . referred to therein." Code § 19.2-187; see also Copeland v. Commonwealth, 19 Va. App. 515, 517, 452 S.E.2d 876, 877 (1995); Mullins v. Commonwealth, 12 Va. App. 372, 374-75, 404 S.E.2d 237, 239 (1991).

The Commonwealth contends that Trooper Mungin's testimony justified admitting the certificate. It cites a passage in Gray in which the Supreme Court stated that

> in the absence of the preparer of the
> certificate as a witness at trial, the
> failure of the Commonwealth fully to comply
> with the . . . provisions of [Code]
> § 19.2-187 renders the certificate
> inadmissible.

Gray, 220 Va. at 945, 265 S.E.2d at 706. It argues that this passage indicates that the in-court appearance of the preparer of a certificate of analysis to "certify" the document is sufficient to render its out-of-court statements admissible for their truth. We disagree.

-6-

The Supreme Court's dicta in Gray must be read together with its subsequent acknowledgement in that case that Code § 19.2-187 creates an exception to the hearsay rule. See id. (stating that Code § 19.2-187 "undertakes to make admissible evidence which otherwise might be subject to a valid hearsay objection"). It is axiomatic that, in order for a written document to be admissible to prove the truth of its contents, the document must be properly authenticated and free of inadmissible hearsay.

> [I]t is often mistakenly supposed that authentication of a document alone will establish its admissibility. It will not. The fact that a document is genuine does not mean that it is admissible. The genuine document must still meet the requirements of relevancy, etc., before it can be admitted, and the hearsay rule prohibits the admission of many a perfectly genuine document.

Charles E. Friend, The Law of Evidence in Virginia § 15-1 (4th ed. 1993) (emphasis in original). The record established that, even after Trooper Mungin testified, the certificate still contained inadmissible hearsay. The summary of Trooper Mungin's testimony contained in the written statement of facts indicates that he merely "identified" the certificate. The summary does not indicate that the trooper testified in court regarding the administration and result of the breath test itself. Because Trooper Mungin did not testify about the facts surrounding the breath test, the certificate still contained written evidence of his out-of-court statement that appellant's blood alcohol content was over the legal limit at the time of the test. See Stevenson,

-7-

218 Va. at 465, 237 S.E.2d at 781.  Thus, assuming that Trooper Mungin authenticated the certificate, its contents were inadmissible because they were offered to prove the truth of the matter asserted and did not fall within an exception to the hearsay rule.

The admission of the hearsay statements in the certificate following the failure of the clerk to comply with the mailing requirement of Code § 19.2-187 is reversible error.  See Woodward v. Commonwealth, 16 Va. App. 672, 674, 432 S.E.2d 510, 512 (1993) (stating that "[p]rejudice to the defendant from a failure to comply [with Code § 19.2-187] need not be shown").  However, because the reversal is for "mere trial error, and not for evidentiary insufficiency," we will remand the case for a new trial.  See Gray, 220 Va. at 946, 265 S.E.2d at 706; Allen, 3 Va. App. at 664, 353 S.E.2d at 166.

For the foregoing reasons, we reverse the conviction of driving under the influence of alcohol in violation of Code § 18.2-266 and remand for further proceedings consistent with this opinion.

Reversed and remanded.