COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Annunziata
Argued at Richmond, Virginia


LINWOOD DONZELL PERRY

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 3026-99-2          JUDGE JERE M. H. WILLIS, JR.
                                            NOVEMBER 21, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      George F. Tidey, Judge

            (H. Pratt Cook, III; Robert Cabell &
            Associates, on brief), for appellant.
            Appellant submitting on brief.

            H. Elizabeth Shaffer, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Linwood Donzell Perry (appellant) was convicted in a bench

trial for possession of heroin.  On appeal, he asserts that the

trial court erroneously admitted a certificate of analysis

contrary to the requirements of Code § 19.2-187 and, that

without this evidence, he would not have been convicted.  We

affirm the judgment of the trial court.

                        I.   BACKGROUND

     On May 17, 1999, Officer Karen Marie Dussling stopped a

vehicle operated by Perry.  As she walked back to her police car

to write him a summons, Perry fled.  Officer Dussling caught and

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

arrested him.  When she searched him incident to that arrest, she found a metal spoon in his pocket.

After Officer Dussling read Perry his <u>Miranda</u> rights, she asked him about the metal spoon.  He replied that "he had used heroin around 5 p.m. and that there was heroin residue . . . on the metal spoon."

The spoon was delivered to the state forensic laboratory, which issued a certificate of analysis stating that the spoon contained heroin residue.  On September 17, 1999, Perry filed a motion for discovery.  The certificate of analysis was not forwarded to Perry, however, until October 5, 1999, the day before the trial.

At trial, the Commonwealth offered the certificate of analysis into evidence.  Perry objected, arguing that it had not been delivered to him at least seven days prior to trial as required by Code § 19.2-187.  The court overruled the objection, admitted the certificate of analysis, and found Perry guilty of possession of heroin.

## II.  <u>ADMISSIBILITY OF CERTIFICATE OF ANALYSIS</u>

Perry contends that the trial court erred in admitting the certificate of analysis into evidence under Code § 19.2-187.  We agree.

Code § 19.2-187 provides, in relevant part, that a certificate of analysis shall be admissible in evidence provided:

-

> (i) the certificate of analysis is filed
> with the clerk of the court hearing the case
> at least seven days prior to the hearing or
> trial and (ii) a copy of such certificate is
> mailed or delivered . . . to counsel of
> record for the accused at least seven days
> prior to the hearing or trial upon request
> made by such counsel.

The certificate of analysis was not delivered to Perry at least seven days prior to trial. Thus, the requirements of Code § 19.2-187 were not met, and the certificate was inadmissible. See Gray v. Commonwealth, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980).

The Commonwealth argues that the improper evidence was harmless in light of Perry's admission to Officer Dussling. We agree.

In Virginia, non-constitutional error "is harmless '[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Code § 8.01-678). "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same." Id. "The effect of an error on a verdict varies widely 'depending upon the circumstances of the case.' Each . . . must . . . be

-

analyzed individually to determine if an error has affected the verdict."  Id. at 1009, 407 S.E.2d at 913 (citation omitted).

Perry admitted to Officer Dussling that the residue on the spoon was heroin.  He has never retracted or disputed this acknowledgment.  This evidence is competent and credible and supports the judgment of the trial court.

The judgment of the trial court is affirmed.

Affirmed.