COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


LORENZO C. COLEMAN
                                              OPINION BY
v.      Record No. 1510-97-2           JUDGE MARVIN F. COLE
                                            JULY 14, 1998
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
               Robert G. O'Hara, Jr., Judge

        Thomas E. Dempsey (Vergara & Associates, on
        briefs), for appellant.

        Mary E. Shea, Assistant Attorney General
        (Richard Cullen, Attorney General; Donald E.
        Jeffrey, III, Assistant Attorney General, on
        brief), for appellee.


      Lorenzo C. Coleman (appellant) was convicted of possession

of cocaine.  He alleges on appeal that the trial judge erred in

admitting a certificate of analysis because the Commonwealth

failed to mail or deliver a copy of the certificate, upon his

request, as required by Code § 19.2-187.  Because appellant

requested a copy of the certificate in his motion for discovery,

endorsed the discovery order which directed that all discovery

would take place in the Commonwealth's attorney's office, and

failed to appear at the prosecutor's office for discovery of the

certificate in accord with the terms of the discovery order, his

claim is without merit.

      Appellant originally was charged with possession of cocaine

with intent to distribute.  On February 25, 1997, he filed in the

circuit court a motion for discovery and request for exculpatory

evidence.  In an unnumbered paragraph in the motion, he wrote, "Pursuant to Section 19.2-187 of the Code of Virginia, the defendant further requests that he be provided a copy of any certificate of analysis which the Commonwealth intends to introduce at trial."  Appellant made no direct request to the clerk of the circuit court or to the attorney for the Commonwealth to mail or deliver a copy of the certificate of analysis to his counsel of record, as provided in Code § 19.2-187.

On March 12, 1997, the judge entered a discovery order based upon appellant's discovery motion.  The order was endorsed, "We ask for this," and was signed by defense counsel and the attorney for the Commonwealth.  The court ordered the Commonwealth's attorney to permit counsel for the defendant within a reasonable time period, but not less than ten days prior to the scheduled trial, to inspect and copy or photograph certain documents, statements, and reports at the office of the Commonwealth's attorney, Monday through Friday, between the hours of 8:30 a.m. and 5:00 p.m. upon twenty-four hour advance notice.  Among other items, the discovery order included:

> 2.  Any written reports of fingerprint analysis, blood tests, [and] other <u>scientific reports</u>, . . . or copies thereof, that are known by the Commonwealth's Attorney to be within the possession, custody or control of the Commonwealth.

(Emphasis added.).

At trial, appellant objected, on hearsay grounds, to the

introduction of the certificate of analysis.  He argued that in his discovery motion he had requested a copy of any certificate of analysis the Commonwealth intended to introduce, and had not received one.  The Commonwealth responded that a discovery conference was supposed to take place in the Commonwealth's attorney's office, and appellant's counsel had neither met with him nor requested a copy of the certificate.

The trial judge overruled appellant's objection to the admission of the certificate, stating that appellant's counsel had endorsed the discovery order, thus agreeing that discovery would take place under the terms of the order.  The judge noted that the order permitted counsel to conduct discovery in the prosecutor's office at a specified time.  The judge admitted the certificate and convicted appellant of possession of cocaine.

> Code § 19.2-187 provides, in pertinent part:
>> In any hearing or trial of any criminal offense . . . a certificate of analysis of a person performing an analysis or examination, performed in any laboratory operated by . . . the Division of Forensic Science . . . when such certificate is duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel.

Thus, a certificate of analysis, reflecting the results of examinations performed by employees of certain laboratories, is admissible to prove the truth of its contents, without the presence in court of the technician who conducted the analysis, provided (1) the Commonwealth filed the certificate of analysis with the clerk of the court hearing the case at least seven days prior to the hearing or trial[1] and (2) upon request of counsel of record for the accused, a copy of such certificate was mailed or delivered by the clerk or the attorney for the Commonwealth to such counsel at least seven days prior to the hearing or trial.

Code § 19.2-187 should be construed strictly against the Commonwealth and in favor of the accused because "'it undertakes to make admissible evidence which otherwise might be subject to a valid hearsay objection.'" Mullins v. Commonwealth, 12 Va. App. 372, 374, 404 S.E.2d 237, 238 (1991) (citation omitted). But see Willis v. Commonwealth, 10 Va. App. 430, 441, 393 S.E.2d 405, 411 (1990) (holding penal laws ought not to be construed so strictly as to defeat intention of General Assembly).

A principle equally as important in our law instructs that "[t]he province of [statutory] construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation." Winston v. City of Richmond, 196 Va. 403, 408,

---

[1]Appellant makes no claim that the certificate was not timely filed in the circuit court. Rather, he limits his claim to the lack of mailing or delivery of a copy of the certificate to him by the Commonwealth's attorney.

83 S.E.2d 728, 731 (1954).  See Harrison & Bates, Inc. v. Featherstone Assocs. Ltd. Partnership, 253 Va. 364, 368, 484 S.E.2d 883, 885 (1997).  "Words are ambiguous if they admit to 'being understood in more than one way[,]' . . . refer to 'two or more things simultaneously[,]' . . . are 'difficult to comprehend,' 'of doubtful import,' or lack 'clearness and definiteness.'"  Diggs v. Commonwealth, 6 Va. App. 300, 301-02, 369 S.E.2d 199, 200 (1988) (en banc) (citation omitted).  "Absent such infirmities, the manifest intent of the legislature clearly expressed in its enactments should not be judicially thwarted under the guise of statutory construction."  Cregger v. Commonwealth, 25 Va. App. 87, 90, 486 S.E.2d 554, 555 (1997).

The sole issue appellant raises is whether the trial court erred in allowing the certificate of analysis in evidence over a hearsay objection.  In order to obtain pretrial possession of the certificate of analysis, appellant had at least three avenues to secure it.  He could have:  (1) requested it under the terms of Code § 19.2-187(ii) directly from the clerk of the circuit court or from the attorney for the Commonwealth; (2) made a motion for discovery under Rule 3A:11 to the court to order the Commonwealth to permit him to inspect and copy or photograph designated documents, including scientific reports; and (3) called upon the Commonwealth to produce exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963).[2]

_____

[2]A motion for discovery of exculpatory evidence would have produced no results in this case because the substance examined

Instead of making a request under the terms of Code § 19.2-187 directly, and requesting that the clerk of the circuit court or the attorney for the Commonwealth deliver to him, as attorney for the accused, a copy of the certificate of analysis, defense counsel chose to present his request for a copy of the certificate of analysis in a motion for discovery pursuant to Rule 3A:11. Subsection (e) of the Rule provides:

> An order granting relief under this Rule shall specify the time, place and manner of making the discovery and inspection permitted and may prescribe such terms and conditions as are just.

The trial judge's order for discovery directed that all discovery should take place during business hours, in the prosecutor's office, not less than ten days before trial, upon twenty-four hour advance notice. By endorsing the discovery order, "We ask for this," appellant requested entry of the order and consented to the manner in which all discovery, including his request for the certificate of analysis, would occur. The Commonwealth's attorney reasonably could rely upon this endorsed order as controlling all requests made in the motion for discovery, including the request for any certificate of analysis. The Commonwealth's attorney had no further obligation to make a separate mailing or delivery of the certificate of analysis.

Formal exceptions to rulings or orders of the trial court are not necessary, provided a party, at the time the ruling or

was cocaine, which would not have been exculpatory.

-6-

order is made or sought, "makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor." Code § 8.01-384(A). The Supreme Court has cautioned counsel that "generally it is advisable to have a court order or written stipulation specify precisely what is to be discoverable, thereby avoiding misunderstandings that may lead to fatal consequences on appeal." Hackman v. Commonwealth, 220 Va. 710, 713, 261 S.E.2d 555, 558 (1980).

Appellant argues that his request for a copy of the certificate of analysis was included in his general motion for discovery and that such request made in this manner is permissible under Copeland v. Commonwealth, 19 Va. App. 515, 516-17, 452 S.E.2d 876, 876-77 (1995). He asserts that his request under Code § 19.2-187 and his motion under Rule 3A:11 are wholly different actions, the former being a request as provided by the statute and the latter being a motion for the entry of an order. He contends that the statutory requirements of Code § 19.2-187 are not subject to abrogation by an agreed order.

Appellant argued to the trial court: "Clearly I have asked for the certificate. Clearly, I haven't been provided with it. There is abundance of case law and annotations in the statute that requires strict compliance." The trial judge responded: "And in this order, you had endorsed it as asking for it, meaning that you agreed that the discovery would take place under the

terms of this order, which permitted you to appear within ten days in the Commonwealth's Attorney's office from 8:00 a.m. to 5:00 to get anything you wanted."

Appellant never made a direct request for the certificate of analysis under Code § 19.2-187, which specifically provides that the request be made to the clerk of the circuit court or to the attorney for the Commonwealth.  Instead, when he proceeded through the discovery process, he chose to intermingle Code § 19.2-187 and Rule 3A:11.  In making his decision, the trial judge stated:

> What I am suggesting, and what I believe to be the case here . . . is that after that request, you and the Commonwealth entered into a different agreement concerning all matters of discovery.  And now you say that I should treat the Commonwealth's view differently than what you have agreed to.  I think that would be inappropriate under the circumstances of this case.  I will deny your motion for excluding it on that basis.

The trial judge found that appellant, by endorsing the discovery order without objection, was bound by the terms of the order for all matters of discovery, including the request in appellant's discovery motion for any certificate of analysis.  We cannot say the judge was plainly wrong in so ruling.  By failing to conduct discovery as prescribed by the discovery order, appellant waived any objection concerning delivery of the certificate to him.

Accordingly, we affirm the conviction.

Affirmed.