COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bray and Bumgardner
Argued at Salem, Virginia


LARRY WAYNE SMITH

MEMORANDUM OPINION[*] BY

v.    Record No. 2077-99-2      JUDGE RUDOLPH BUMGARDNER, III
JULY 18, 2000

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Edward L. Hogshire, Judge

J. Gregory Webb (Michie, Hamlett, Lowry,
Rasmussen & Tweel, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Larry Wayne Smith was convicted during a bench trial of

possession of cocaine. He contends the trial court erred by

admitting the certificate of analysis for the drug. Concluding

that the trial court did not err, we affirm the conviction.

The defendant was a passenger in a car stopped for a

routine traffic violation. He consented to a search of his

person, and the police found a metal tube that later tested

positive for cocaine. Before trial, the defendant filed a

discovery motion requesting the Commonwealth to produce "any

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

scientific reports."[1]  The defendant never had a discovery order entered because the Commonwealth's Attorney followed an open-file policy and voluntarily permitted defense counsel full access to case files.

At trial, the defendant objected when the Commonwealth offered the certificate of analysis.  He maintained the certificate was not admissible because he had not received a copy of it seven days before trial as required by Code § 19.2-187.[2]  The trial court overruled the objection concluding "that this Discovery Motion cloaked in this language does not comply with the request that is referred to in [Code

---

[1] The motion, entitled "The Motion For Discovery and Inspection and for Exculpatory Evidence," provided, in part:

> 7:  Pursuant to Rule 3A:11 of the Rules of the Supreme Court of Virginia, the due process clause of the Fifth Amendment to the United States Constitution, and Article I, Section 8 and Section 11 of the Constitution of the Commonwealth of Virginia, that the Commonwealth's Attorney produce and divulge to the Defendant or his counsel . . . (c) any scientific reports in possession of the Commonwealth or its agents.

[2] A certificate of analysis shall be admissible where a copy is filed with the clerk of court at least seven days prior to trial and "a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to [defense] counsel at least seven days prior to . . . trial upon request of such counsel."  Code § 19.2-187 before the 1999 amendment.
The 1999 amendment changed the last clause to read "upon request made by such counsel to the clerk with notice of the request to the attorney for the Commonwealth."

- 2 -

§] 19.2-187." The trial court noted that the defendant's request was "cloaked in language that [it] was being made pursuant to Rule 3A:11," did not refer to Code § 19.2-187, and did not request the certificate of analysis specifically. It noted additionally that the "disguised" request was presented to a Commonwealth's Attorney's office that had an open-file policy.[3] The defendant contends that his motion for discovery constituted a sufficient request because it requested all scientific reports and the statute does not require a citation to the precise code section.

In Coleman v. Commonwealth, 27 Va. App. 768, 772, 501 S.E.2d 461, 463 (1998), the defendant filed a discovery motion that specifically requested a copy of the certificate of analysis under Code § 19.2-187. The trial court entered a discovery order permitting the defendant to inspect the certificate at the Commonwealth's Attorney's office. Both parties requested the order, but the defendant never inspected the certificate. The defendant objected at trial that he had not received a copy of the certificate, but the trial court ruled that he was bound to the terms of the discovery order. On

_____

[3] The certificate of analysis was in the Commonwealth's file and was introduced at the preliminary hearing. Five days before the trial, the Commonwealth's attorney asked defense counsel if there was anything he needed. Defense counsel responded that he only needed the defendant's statement, which the Commonwealth's attorney furnished. No mention was made about the certificate of analysis.

appeal, Coleman argued that his request for a copy of the certificate was included in his general motion for discovery and that a request in that manner was sufficient.

This Court affirmed the trial court and noted: "[a]ppellant never made a direct request for the certificate of analysis under Code § 19.2-187, which specifically provides that the request be made to the clerk of the circuit court or to the attorney for the Commonwealth. Instead, when he proceeded through the discovery process, he chose to intermingle Code § 19.2-187 and Rule 3A:11." Id. at 775, 501 S.E.2d at 464. Coleman waived any objection concerning delivery of the certificate by failing to conduct discovery as prescribed by the discovery order. See id. at 775, 501 S.E.2d at 464-65.

The defendant attempts to distinguish Coleman by noting that the trial court did not enter a discovery order as it had in Coleman. However, the essential holding in Coleman is the need to make a direct request to either the clerk or attorney for the Commonwealth. As explained in Coleman:

> In order to obtain pretrial possession of
> the certificate of analysis, appellant had
> at least three avenues to secure it. He
> could have: (1) requested it under the
> terms of Code § 19.2-187(ii) directly from
> the clerk of the circuit court or from the
> attorney for the Commonwealth; (2) made a
> motion for discovery under Rule 3A:11 to the
> court to order the Commonwealth to permit
> him to inspect and copy or photograph

- 4 -

> designated documents, including scientific
> reports; and (3) called upon the
> Commonwealth to produce exculpatory evidence
> under <u>Brady v. Maryland</u>, 373 U.S. 83, 83
> S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

<u>Id.</u> at 773, 501 S.E.2d at 463 (footnote omitted).

In this case, the defendant chose to move the trial court to enter a discovery order. The motion was a request directed to the trial court and was not a direct request to the clerk or the Commonwealth's attorney. As with any pleading filed with the court, a copy of the request had to be mailed to the opposing counsel. <u>See</u> Rule 1:12. However, that was not sufficient to alert either the clerk or the Commonwealth's attorney that the motion was a request pursuant to Code § 19.2-187. Because the defendant did not make a sufficient request, the trial court did not err in admitting the certificate of analysis. Accordingly, we affirm the conviction.

<u>Affirmed.</u>