COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Benton, Willis, Elder,
        Bray, Annunziata, Bumgardner, Frank, Clements and Agee
Argued at Richmond, Virginia


ZACHARY S. LEWIS

                                    MEMORANDUM OPINION* BY
v.   Record No. 2479-99-1           JUDGE JERE M. H. WILLIS, JR.
                                         MARCH 20, 2001
COMMONWEALTH OF VIRGINIA


                    UPON A REHEARING EN BANC

        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Edward W. Hanson, Jr., Judge

        Barry R. Taylor (Claude M. Scialdone; Kent K.
        Stanley; Scialdone & Taylor, Inc., on
        briefs), for appellant.

        H. Elizabeth Shaffer, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     On appeal from his misdemeanor conviction of possession of

marijuana, in violation of Code § 18.2-250.1, Zachary S. Lewis

contends that the trial court erred (1) in admitting into

evidence a certificate of analysis when the Commonwealth had

failed to comply with Code § 19.2-187, (2) in allowing the

Commonwealth to reopen its case to admit the certificate of

analysis, (3) in refusing to consider whether the general

district court denied him due process and subjected him to

─────────────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

double jeopardy, and (4) by holding that the general district court did not violate his right against double jeopardy by trying him twice on the same charge. By unpublished opinion, a divided panel of this Court affirmed Lewis' conviction. Lewis v. Commonwealth, Record No. 2479-99-1 (Va. Ct. App. August 1, 2000). On Lewis' motion, we stayed the mandate of that decision and granted rehearing en banc.

Upon rehearing en banc, Lewis has presented only the first question: whether the trial court erred in admitting into evidence a certificate of analysis when the Commonwealth had failed to comply with Code § 19.2-187. We affirm the judgment of the trial court with respect to questions (2), (3) and (4) for the reasons set forth in the panel majority opinion, summarized herein. For the reasons that follow, we affirm the judgment of the trial court with respect to the question presented upon rehearing en banc.

## I. BACKGROUND

Lewis appeared in general district court on September 9, 1998, for trial on a misdemeanor charge of possession of marijuana. He objected to the admission into evidence of the certificate of analysis of the subject material, asserting that despite his request, neither the clerk nor the Commonwealth's attorney had delivered a copy of the certificate to him seven days prior to trial, as required by Code § 19.2-187. The district court took the objection under advisement, and six

-

months later, overruled it.  At that time, the district court did not remember the evidence.  Over Lewis' objection, it permitted the Commonwealth to present its evidence again.  The court admitted the certificate of analysis into evidence and found Lewis guilty.

Lewis appealed his conviction to the trial court.  Prior to trial, he filed a motion for discovery, which included a request for the certificate of analysis pursuant to Code § 19.2-187.  Six weeks before the date scheduled for trial, the Commonwealth's attorney responded that Lewis was not entitled to discovery under Rule 3A:11 because he was charged with a misdemeanor, not a felony.  The Commonwealth did not deliver or mail a copy of the certificate of analysis to Lewis' counsel.  No hearing was held, and no order was entered pursuant to Lewis' request for discovery.

On June 10, 1999, Lewis appeared before the trial court for trial de novo.  He objected to the admission of the certificate of analysis, asserting that his request had been denied in violation of Code § 19.2-187.  The trial court overruled this objection, holding that Code § 19.2-187 was discretionary, not mandatory.

The Commonwealth rested its case without admitting the certificate of analysis into evidence.  Lewis moved to strike the evidence.  The trial court permitted the Commonwealth to

-

reopen its case and to admit the certificate of analysis.  The

trial court found Lewis guilty of possession of marijuana.

## II.  ANALYSIS

Code § 19.2-187, as in force at the time of the proceedings

against Lewis,[1] provided, in pertinent part:

> In any hearing or trial of any criminal
> offense . . . a certificate of analysis
> . . . shall be admissible in evidence
> . . . provided (i) the certificate of
> analysis is filed with the clerk of the
> court hearing the case at least seven days
> prior to the hearing or trial and (ii) a
> copy of such certificate is mailed or
> delivered by the clerk or attorney for the
> Commonwealth to counsel of record for the
> accused at least seven days prior to the
> hearing or trial upon request of such
> counsel.

"Code § 19.2-187 should be construed strictly against the

Commonwealth and in favor of the accused because 'it undertakes

to make admissible evidence which otherwise might be subject to

a valid hearsay objection.'"  Coleman v. Commonwealth, 27 Va.

App. 768, 772-73, 501 S.E.2d 461, 463 (1998) (quoting Mullins v.

Commonwealth, 12 Va. App. 372, 374, 404 S.E.2d 237, 238 (1991)).

The trial court erred in ruling that Code § 19.2-187 was

discretionary and not mandatory.  See Taylor v. Commonwealth, 28

Va. App. 1, 6-7, 502 S.E.2d 113, 115 (1998) (en banc); Myrick v.

Commonwealth, 13 Va. App. 333, 336-37, 412 S.E.2d 176, 178

---

[1] Code § 19.2-187 was amended by provisions not germane to
this decision.  See 1999 Va. Acts, ch. 296; 2000 Va. Acts, ch.
336.

-

(1991).  However, "[a]n appellate court may affirm the judgment
of a trial court when it has reached the right result for the
wrong reason."  Driscoll v. Commonwealth, 14 Va. App. 449, 452,
417 S.E.2d 312, 313 (1992) (citation omitted).  This rule "may
not be used if the correct reason for affirming the trial court
was not raised in any manner at trial."  Id. at 452, 417 S.E.2d
at 313-14 (citation omitted).  Therefore, we must consider
whether the trial court reached the right result, though for the
wrong reason.

In Coleman, we held that a defendant has

> at least three avenues to secure [a
> certificate of analysis:] . . . (1)
> [request] it under the terms of Code
> § 19.2-187(ii) directly from the clerk of
> the . . . court or from the attorney for the
> Commonwealth; (2) [make] a motion for
> discovery under Rule 3A:11 to the court to
> order the Commonwealth to permit him to
> inspect and copy or photograph designated
> documents, including scientific reports; and
> (3) [call] upon the Commonwealth to produce
> exculpatory evidence under Brady v.
> Maryland, 373 U.S. 83 (1963).

Coleman, 27 Va. App. at 773, 501 S.E.2d at 463 (footnote
omitted).

In Coleman, Coleman was charged with a drug-related felony.
Through a motion for discovery under Rule 3A:11, he requested
the certificate of analysis.  The trial court entered a
discovery order, directing that all discovery would take place
at the Commonwealth's Attorney's office within ten days of trial
and upon twenty-four hours notice.  Coleman's counsel endorsed

-

the discovery order "We ask for this." However, Coleman's counsel failed to arrange a meeting at the Commonwealth's Attorney's office to procure the discovery materials. We held that, by endorsing the discovery order without objection, Coleman had intermingled Code § 19.2-187 and Rule 3A:11 and that, by failing to "conduct discovery as prescribed by the discovery order, [Coleman] waived any objection concerning delivery of the certificate to him." Id. at 775-76, 501 S.E.2d at 464-65.

In Copeland v. Commonwealth, 19 Va. App. 515, 452 S.E.2d 876 (1995), Copeland was charged with a drug-related felony. He filed "a motion for production and inspection of documents, including, specifically 'certificates of analysis.'" Id. at 516, 452 S.E.2d at 876. The Commonwealth's attorney failed to provide Copeland a copy of the certificate of analysis at least seven days prior to trial, as required by Code § 19.2-187. Reversing the admission of the certificate of analysis into evidence, we held:

> Copeland's counsel requested from the attorney for the Commonwealth the certificate of analysis. The attorney for the Commonwealth delivered the certificate of analysis to Copeland's counsel three days before trial. That delivery was not timely.

Id. at 517, 452 S.E.2d at 877. We rejected the Commonwealth's argument that Code § 19.2-187 required the request to be directed to the clerk of the court. See id. As in Coleman,

-

Copeland utilized the available vehicle of discovery to communicate his request. Because the vehicle was proper, the communication was sufficient under Code § 19.2-187.

This case is controlled by Coleman. Lewis had the right to elect the method that he would employ to communicate his request for the certificate of analysis. Having made that election, he was bound to comply with the requirements of the method he chose. He elected discovery under Rule 3A:11, a method not available to him because he was charged with a misdemeanor, not a felony. The Commonwealth's attorney's response was prompt and informed Lewis well in advance of trial of the unavailability of the method that he had chosen. Lewis failed to submit to the trial court the question of his entitlement to discovery under Rule 3A:11. He failed to pursue the other method available to him, direct request of the Commonwealth's attorney or clerk. He abandoned his request and placed himself in the position of having made no request invoking the proviso of Code § 19.2-187. Thus, the trial court did not err in admitting the certificate of analysis into evidence.

### III. OTHER ISSUES

We summarize the panel holdings that were not challenged on rehearing en banc.

#### A. REOPENING THE CASE

"[T]he order of proof is a matter within the sound discretion of the trial court and [an appellate] court will not reverse the

-

> judgment except in very exceptional cases,
> and, unless it affirmatively appears from
> the record that this discretion has been
> abused, [an appellate] court will not
> disturb the trial court's ruling."

Lebedun v. Commonwealth, 27 Va. App. 697, 715, 501 S.E.2d 427, 436 (1998) (quoting Hargraves v. Commonwealth, 219 Va. 604, 608, 248 S.E.2d 814, 817 (1978)).

Through oversight, the Commonwealth neglected to present the certificate of analysis in its case-in-chief.  We perceive no offense against justice or abuse of discretion in the trial court's permitting the Commonwealth to reopen its case to cure this oversight.

B.  ARGUMENTS CONCERNING PROCEEDINGS IN THE DISTRICT COURT

> [T]he State gives the accused the benefit of
> two full opportunities for acquittal . . . .
> If an accused elects to take advantage of a
> second and fresh opportunity, it appears
> entirely fair that the accused and the State
> should start again at parity . . . .

Johnson v. Commonwealth, 212 Va. 579, 586, 186 S.E.2d 53, 58 (1972).  No rule, statute, or case law concerning trial de novo requires the circuit court to review errors by the district court.  But cf. Ward v. Village of Monroeville, 409 U.S. 57, 61-62 (1972) (holding that trial de novo cannot be used as a procedural safeguard against systemic due process violations in the lower courts).  The record reflects no systematic due process violation involved in this case.

-

The Fifth Amendment protection against double jeopardy "guarantees protection against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense."  Payne v. Commonwealth, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999) (citations omitted).

Double jeopardy protections do not apply until final judgment is obtained.  In interrupting Lewis' trial to consider his objection, the general district court rendered no final judgment.  Therefore, the resumption of proceedings implicated no double jeopardy concern.

The judgment of the trial court is affirmed.

Affirmed.

-

Elder, J., with whom Benton, Annunziata and Clements, JJ., join,
  concurring, in part, and dissenting, in part.

I concur in part III-B of the majority opinion.  However, I
would hold that appellant's request for the certificate of
analysis was sufficient to require the Commonwealth to provide
it to him in compliance with the terms of Code § 19.2-187.
Therefore, I dissent from part II of the majority opinion and
would find it unnecessary to reach the issue addressed in part
III-A.  I would reverse appellant's conviction and remand for
further proceedings if the Commonwealth be so advised.

The version of Code § 19.2-187 applicable to these
proceedings provided, in relevant part, as follows:

> In any hearing or trial of any criminal
> offense . . . , a certificate of analysis
> . . . shall be admissible in evidence . . .
> provided . . . (ii) a copy of such
> certificate is mailed or delivered by the
> clerk or attorney for the Commonwealth to
> counsel of record for the accused at least
> seven days prior to the hearing or trial
> upon request of such counsel.

Id. (1995 Repl. Vol.) (emphasis added).  As the majority
recognizes, we have held repeatedly that this code section
should be construed strictly against the Commonwealth and in
favor of the accused because it "'undertakes to make admissible
evidence which otherwise might be subject to a valid hearsay
objection.'"  Mullins v. Commonwealth, 12 Va. App. 372, 374, 404
S.E.2d 237, 238 (1991) (quoting Gray v. Commonwealth, 220 Va.
943, 945, 265 S.E.2d 705, 706 (1980)).

-

Code § 19.2-187 does not prescribe a particular manner in which counsel must request a certificate of analysis from the Commonwealth. See Woodward v. Commonwealth, 16 Va. App. 672, 675, 432 S.E.2d 510, 512 (1993) (holding that where statute contains no requirement that request for certificate of analysis must be made after Commonwealth files it with clerk, Court of Appeals has no authority to impose such a limitation). In Coleman v. Commonwealth, 27 Va. App. 768, 501 S.E.2d 461 (1998), we recognized that a defendant has

> at least three avenues to secure [a certificate of analysis:] . . . (1) request[] it under the terms of Code § 19.2-187(ii) directly . . . from the attorney for the Commonwealth; (2) ma[k]e a motion for discovery under Rule 3A:11 to the court to order the Commonwealth to permit [the defendant] to inspect and copy or photograph designated documents, including scientific reports; and (3) call[] upon the Commonwealth to produce exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963).

Id. at 773, 501 S.E.2d at 463 (footnote omitted) (emphases added). We held in Coleman that the certificate was admissible because, although the defendant specifically had requested the certificate "[p]ursuant to Section 19.2-187" in a separate paragraph contained in his discovery motion, he had endorsed an order of the court which provided that all documents requested in the motion would be obtained by the defendant "during business hours, in the prosecutor's office, not less than ten days before trial, upon twenty-four hours advance notice." Id.

-

at 770, 774, 501 S.E.2d at 462, 464.  Although counsel for the defendant endorsed the order, "We ask for this," thereby consenting to the court's ordered method of discovery, counsel never availed himself of the approved method of obtaining the discovery materials or certificate.  See id. at 771, 774, 501 S.E.2d at 462, 464.  We held that "[t]he Commonwealth's attorney reasonably could rely upon this endorsed order as controlling all requests made in the motion for discovery, including the request for any certificate of analysis."  Id. at 774, 501 S.E.2d at 464.

The majority holds under Coleman that appellant was not entitled to the certificate of analysis because he (1) requested it via a discovery motion filed pursuant to Rule 3A:11, which was not applicable to this case because it involved a misdemeanor rather than a felony charge, rather than proceeding directly under Code § 19.2-187, and (2) failed to take further action when the Commonwealth responded that it would not tender discovery under Rule 3A:11 because appellant was not entitled to it.  I would hold that appellant did all that was required of him under a strict construction of Code § 19.2-187.  He did not merely request the certificate of analysis indirectly as "a scientific report" to which he may have been entitled as part of discovery under Rule 3A:11 only in a felony case.  Rather, as noted by the majority, he "made a request for the certificate of analysis[] pursuant to Code § 19.2-187."  Code § 19.2-187 does

-

not prohibit a defendant from combining a motion for discovery under Rule 3A:11 with a request for any certificates of analysis under Code § 19.2-187. That a defendant charged with a misdemeanor is not entitled to discovery does not negate the fact that the same defendant is absolutely entitled to any certificates of analysis specifically requested pursuant to the terms of Code § 19.2-187. When appellant properly requested any certificates of analysis pursuant to Code § 19.2-187 and the Commonwealth failed timely to produce them, he was entitled to conclude that the Commonwealth would not seek to admit any certificates without proper foundation. Code § 19.2-187 provides an exception to the hearsay rule, and once appellant requested any certificates, the burden rested on the Commonwealth rather than appellant to prove compliance with the statute.

For these reasons, I dissent from part II of the majority decision, and I would reverse and remand appellant's conviction.